UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA McLOVE,

        Plaintiff,                                    Hon. Gordon J. Quist

v.                                                   Case No.  1:13-cv-32

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff counsel's Petition for Attorney Fees Pursuant to 42 U.S.C. § 406(b). (Dkt. #20).  Plaintiff's counsel seeks $11,155.00 in fees.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that counsel's motion be **granted in part and denied in part**.

Plaintiff initiated this action challenging the denial of her claim for disability benefits.  The parties subsequently stipulated to remand this matter to the Commissioner for further factual findings.  On remand, the Social Security Administration determined that Plaintiff was entitled to disability benefits, including an award of past-due benefits.  (Dkt. #20, Exhibit C).  Counsel now submits the present motion seeking an award of fees and costs pursuant to the contingent fee arrangement into which he and Plaintiff entered.  (Dkt. #20, Exhibit A).  This agreement provides that counsel be paid a fee not to exceed twenty-five percent of any past due benefits.  (Dkt. #20, Exhibit A).  In this case, twenty-five percent of Plaintiff's past-due benefits equals thirteen thousand, one hundred sixty-four dollars and fifty cents ($13,164.50).  (Dkt. #20, Exhibit C).  Counsel requests that he be awarded fees in the amount of eleven thousand, one hundred fifty-five dollars ($11,155.00).  Defendant does not oppose the present motion.

The Social Security Act provides that "whenever a court renders a judgment favorable to a claimant...who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Counsel's request is reasonable and consistent with his fee agreement with Plaintiff. While counsel is entitled to receive the amount requested, this amount must be reduced by five thousand, five hundred seventy-seven dollars and fifty-four cents, ($5,577.54), the amount previously awarded by the Court pursuant to the Equal Access to Justice Act. *See Gisbrecht v. Commissioner of Soc. Sec.*, 535 U.S. 789, 795-96 (2002) (where counsel receives a fee award pursuant to both the EAJA and 42 U.S.C. § 406(b), he must "[r]efund to the claimant the amount of the smaller fee").[1]

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that counsel's <u>Petition for Attorney Fees Pursuant to 42 U.S.C. § 406(b)</u>, (Dkt. #20), be **granted in part and denied in part** and that counsel be awarded five thousand, five hundred seventy-seven dollars and forty-six cents ($5,577.46) in fees and costs pursuant to 42 U.S.C. § 406(b).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

---

[1] Counsel acknowledges in his present pleading that he has not remitted the EAJA award to Plaintiff. (Dkt. #20 at Page ID#580). Accordingly, the Court finds that imposition of this offset is appropriate.

                                     Respectfully submitted,

Date:  January 5, 2015                   /s/ Ellen S. Carmody
                                              ELLEN S. CARMODY
                                              United States Magistrate Judge